IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR181 |
| v. | |
| TOMAS LORENZO-CRUZ, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Tomas Lorenzo-Cruz's ("Lorenzo-Cruz") *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 199). In June 2021, Lorenzo-Cruz was indicted (Filing No. 1) on one count of possessing methamphetamine with the intent to distribute and one count of conspiring to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(b), (b)(1), and 846. On January 13, 2023, Lorenzo-Cruz pleaded guilty pursuant to a written plea agreement (Filing No. 148) to conspiring to distribute methamphetamine. Under that agreement, the government indicated it would move to dismiss any pending counts at sentencing. For his part, Lorenzo-Cruz agreed to waive the right to appeal his conviction and sentence.

On May 16, 2023, the Court sentenced Lorenzo-Cruz to 135 months imprisonment to be followed by a 5-year term of supervised release. The Court also granted the government's motion to dismiss the remaining charges. Judgment was entered that day (Filing No. 171). Lorenzo-Cruz did not appeal.

Lorenzo-Cruz filed the present motion on December 19, 2024. He largely complains of the purported ineffectiveness of his counsel, accusing them of various shortcomings. He claims his "motion is timely."

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must promptly conduct an initial review of Lorenzo-Cruz's § 2255 motion and order the government to respond or take other action unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See also* 28 U.S.C. § 2255(b). Despite Lorenzo-Cruz's cursory assertion, the Court's initial review finds his § 2255 motion is untimely.

A defendant "typically must file a motion under § 2255 within one year of the date on which the judgment of conviction becomes final." *Russo v. United States*, 902 F.3d 880, 882 (8th Cir. 2018) (citing 28 U.S.C. § 2255(f)(1)). When no appeal has been taken, a judgment of conviction becomes final for purposes of § 2255(f)(1) when the time to file an appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). In this case, that date was May 30, 2023. *See* Fed. R. App. P. 4(b)(1)(A)(i) (giving a defendant 14 days after the entry of judgment to appeal). Thus, under the present circumstances, Lorenzo-Cruz's time to file a § 2255 motion ended nearly seven months before he filed the present motion.

Lorenzo-Cruz has provided the Court with no basis for alternative or equitable tolling of the § 2255 limitation period in this matter. His *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 199) is therefore dismissed as untimely.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge