IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:21CR181** |
| v. | |
| TOMAS LORENZO-CRUZ, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on defendant Tomas Lorenzo-Cruz's ("Lorenzo-Cruz") *pro se* Motion to Reduce Sentencing Under 18 U.S.C. § 3582(c)(2) and U.S.S.C. Amendment 821 (Filing No. 203).

Lorenzo-Cruz was charged and plead guilty to conspiring to distribute and possession with intent to distribute 50 grams or more of methamphetamine (actual) in violation 21 U.S.C. § 846. On May 16, 2023, he was committed to the Bureau of Prisons for 135 months to be followed by a 5-year term of supervised release. No appeal was taken from that judgment.

On February 26, 2024, Lorenzo-Cruz filed a motion seeking a reduction of his sentence under Amendment 821 (Filing No. 176). On March 3, 2024, a privately retained attorney entered his appearance on behalf of Lorenzo-Cruz (Filing No. 178). His panel attorney was allowed to withdraw.

As was the practice of this Court, a Retroactive Sentencing Worksheet was prepared by the District of Nebraska Probation and Pretrial Office to determine eligibility for Amendment 821 relief. That sentencing worksheet (Filing No. 186) concluded that Lorenzo-Cruz was "ineligible for the Zero Point Offender Reduction since he has one criminal history point."

Indeed, his privately retained attorney came to the same conclusion, and a Stipulation was filed on August 23, 2024, confirming that "the retroactive amendment to the Sentencing Guidelines, Amendment 821, does not apply to the defendant because he has one criminal history point and, therefore, remains at 135 months' imprisonment" (Filing No. 192).   The Court entered an order denying Lorenzo-Cruz's motion on August 23, 2024 (Filing No. 193).

Lorenzo-Cruz next filed a *pro se* motion for Vacate, Set Aside, or Correct Sentencing under 18 U.S.C. § 2255 on December 19, 2024 (Filing No. 199).  That motion was dismissed as untimely (Filing Nos. 200, 201).

The current motion to reduce sentence also refers to Amendment 821, but specifically states that, "U.S.S.G. 4A1.1 status points because the current offense was committed while under 'any criminal justice' sentence such as imprisonment, probation or supervised release."  Lorenzo-Cruz also seeks appointment of an attorney to represent him in the body of his motion.

Because no status points were assigned to Lorenzo-Cruz at sentencing, his motion is denied.  Lorenzo-Cruz's request for appointment of counsel is also denied.

IT IS SO ORDERED.

Dated this 5th day of May 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2